IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:16cr615-MHT |
| | ) | (WO) |
| PATRICK SHARPE | ) | |

OPINION AND ORDER

Defendant Patrick Sharpe is before the court on a petition for revocation. The petition states Sharpe tested positive for cocaine, had two unexcused absences from drug treatment, and failed to report to his probation officer on three occasions. On an on-the-record conference call on September 29, 2017, the court learned Sharpe has been struggling with drug addiction since his early adolescence and has never had a mental-health assessment.

Given the current psychiatric understanding that drug addiction is a disease, albeit a mental one, this court has held that a defendant who suffers from a drug addiction should be properly treated as having a mental

disease or illness. *United States v. Mosley*, No. 1:10cr118, 2017 WL 4230221 (M.D. Ala. Sept. 25, 2017). Accordingly, where there is a reasonable basis to believe that a defendant's drug addiction contributed to the conduct underlying his conviction, the court should order a mental-health evaluation, especially where one has not been done previously. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's substance-abuse disorder may affect his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during supervised release. The mental-health recommendation should, therefore, focus on these dual, overlapping issues of culpability and treatment: the role, if any, defendant's mental illness played in his or her charged conduct, and what treatment is recommended for defendant's illness in light of his or her individual characteristics and history.

Sharpe may face punishment for his non-compliance with the terms of his supervised release, and there is reason to believe that non-compliance was driven by the mental disorder that is his drug addiction. Further, Sharpe's mental health has never been evaluated. In order to ensure that Sharpe is not inappropriately punished for having a disease, to assess accurately his culpability for the offense, and to mete out any necessary rehabilitative treatment, it is ORDERED as follows:

(1) At least two weeks prior to the evidentiary hearing on January 3, 2018, defense counsel will obtain a *local* mental-health evaluation of defendant Patrick Sharpe;

(2) This mental-health evaluation should determine:

(a) whether defendant Sharpe is suffering from a substance-abuse disorder *and* any other mental disorders;

3

(b) whether these other mental disorders (if any) underlie or are related to the substance-abuse disorder; and

(c) the extent to which defendant Sharpe's substance-abuse disorder contributed to the charges contained in the revocation petition.

(3) The mental-health evaluation should also make recommendations as to treatment and supportive services that may assist defendant Sharpe in maintaining sobriety and complying with the terms of his supervision, and particularly should offer tailored recommendations to the extent that other treatment has not worked.

DONE, this the 2nd day of November, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**